18875

Edward CROSBY, Respondent, v. PRUDENCE MUTUAL CASUALTY COMPANY, Appellant

(166 S. E. (2d) 201)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

*Messrs. McCaskill & Thompson,* of Conway, *for Respondent,*

February 19, 1969.

BRAILSFORD, Justice.

This is an action to recover total disability benefits under a policy insuring plaintiff against loss of time resulting directly and independently of all other causes from accidental bodily injuries. Under the terms of the policy, the defendant agreed to pay a monthly indemnity of Four Hundred Dollars ($400.00) per month in case of total disability resulting from such injury. The jury returned a verdict of $3200.00, representing total disability indemnity for eight months from October,1966, through May, 1967, as claimed by plaintiff. The defendant has appealed from the refusal of its timely motions for the direction of a verdict and for judgment *non obstante veredicto.*

We state the evidence in the light most favorable to the verdict.

Plaintiff, a farmer, sustained accidental injuries to his left leg on October 2, 1966, when he was knocked against a

feed trough by a bull. He went to his doctor on October 6 and was admitted to the Conway hospital with a badly bruised and swollen leg. He was discharged after fourteen days. However, his leg remained swollen and painful, and, according to his testimony, because of it he was unable to work for the full period of disability claimed. Plaintiff testified that he had never had any trouble with his leg and had never had varicose veins prior to the injury. His physician observed this condition of the veins of the left leg for the first time on October 6, although he had previously treated plaintiff for other ailments.

On March 5, 1967, plaintiff sustained a fall on cement steps when he was knocked down by a large dog. He complained of pain in the chest and was admitted to the hospital on March 8. He was operated on for a hernia of the diaphragm and discharged on March 23.

On April 23, 1967, plaintiff had another fall when he attempted to step into a boat on a pond at his home, and he again injured his left leg. He developed phlebitis in this leg and was admitted to the hospital on April 27. He was treated for this acute condition until May 15, 1967, when he was discharged and sent home to convalesce. Plaintiff's physcian testified that in his opinion the accidental injuries to plaintiff's left leg were factors in causing the phlebitis, and that the varicosity of the veins was also a factor.

The defendant states the questions involved on the appeal to be:

"1. Was the evidence sufficient to establish that plaintiff's loss of time was from accident only?

"2. Was the only reasonable inference to be drawn from the testimony that the plaintiff did not suffer total disability for the period claimed?"

The first question must be answered in the affirmative upon the authority of *Kilgore v. Reserve Life Ins. Co.*, 231 S. C. 111, 97 S. E. (2d) 392, and the decisions from this

and other jurisdictions which are cited and reviewed in the opinion.

Furthermore, the entire burden of defendant's contrary argument rests upon the testimony of the physician that the varicosity of plaintiff's veins was a factor in causing phlebitis. It is clearly inferable from the testimony that this acute condition arose while plaintiff was totally disabled from his injuries, and that such disability continued after the acute condition subsided. Under these circumstances, the defendant would not have been relieved of its obligation to pay the indemnity even if the temporary condition had been entirely independent of the accidental injuries.

■ The second question must also be answered in plaintiff's favor. His own testimony, which was not seriously contradicted on this point by the two medical witnesses called by the defendant, was sufficient to support the implied finding of the jury as to the duration of his disability. The inferences to be drawn from information furnished the defendant by plaintiff on claims filed by him, which the defendant contends was inconsistent with his testimony at the trial, were for the jury.

■ Under this question defendant argues, as the only reasonable inference from the evidence, that plaintiff was not under the regular care of a physician for the entire period for which indemnity was awarded. The evidence on this point need not be analyzed because the issue was not raised by the pleadings and is not suggested by the questions on appeal as stated by defendant. The policy provision relied upon is a condition of coverage rather than an element of the policy definition of the term "total disability." Hence, compliance with this condition is a distinct issue from that of the duration of total disability.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.